UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

JAMES GOOSLIN, )
)
   Petitioner, ) Civil Action No. 13-CV-9-HRW
)
v. )
)
MICHAEL SEPANEK, ) **MEMORANDUM OPINION**
) **AND ORDER**
   Respondent. )

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

James Gooslin is an inmate confined in the Federal Prison Camp located on the campus of the Federal Correctional Institution ("FCI") in Ashland, Kentucky. Proceeding without an attorney, Gooslin has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1], and a motion to amend that petition [D. E. No. 5]. Gooslin collaterally challenges his federal drug conviction, alleging that he was denied discovery during his criminal proceeding.

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because Gooslin is not represented by an attorney, the Court reviews his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the court accepts

Gooslin's factual allegations as true and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

The Court has reviewed the petition, but will deny it as an abuse of the writ because Gooslin unsuccessfully asserted the same constitutional challenge in a prior § 2241 petition and therefore can not re-argue the same claim in this proceeding.

## BACKGROUND

In October 2006, a federal jury in West Virginia convicted Gooslin of various drug crimes, and he received a 188–month sentence. *United States v. Gooslin*, No. 2:05–CR–00180 (S.D. W.Va. 2005). Gooslin's attorney filed a timely notice of appeal, but later voluntarily dismissed the appeal. In January 2008, Gooslin filed a motion to vacate his sentence under 28 U.S.C. § 2255, alleging that because his trial counsel had rendered ineffective assistance at various stages of his criminal trial,[1] his

---

[1] In his § 2255 motion, Gooslin claimed that his trial counsel rendered ineffective assistance by: (1) failing to file a motion to suppress evidence (drugs) seized from co-defendant; (2) failing to investigate and effectively cross-examine two prosecution witnesses; (3) failing to file a motion to suppress his statement to a law enforcement officer; (4) failing to investigate and present to the jury evidence of his mental competency/mental health conditions; (5) failing to investigate and present to the jury evidence of his neighborhood; (6) failing to show the jury a lease receipt signed by a

2

resulting conviction and sentence violated the Sixth Amendment to the United States Constitution. The sentencing court found no merit to Gooslin's claims and denied the motion. *Gooslin v. United States*, No. 2:05–CR–00180; No. 2:08–CV–0001, 2009 WL 1773173 (S.D. W. Va. June 19, 2009). The Fourth Circuit affirmed on appeal. *United States v. Gooslin*, 377 F. App'x 289, 290 (4th Cir. 2010).

Gooslin has filed two prior habeas petitions in this Court seeking relief from his conviction and sentence under § 2241. In his first § 2241 petition, Gooslin alleged that federal investigators, federal prosecutors, and the presiding judge violated his right to due process of law guaranteed by the Fifth Amendment to the United States Constitution. He also re-asserted one of the Sixth Amendment ineffective assistance of counsel claims which he had raised without success in his § 2255 motion, *i.e.*, that his counsel failed to submit evidence to the jury showing that his mental retardation and psychological condition rendered him incompetent to stand trial. The Court denied that petition on initial screening because Gooslin had failed to avail himself of the adequate remedy afforded by § 2255 to raise his claims. *Gooslin v. Sepanek*, No. 0:11–CV–108–HRW, 2012 WL 1205696, at **2-3 (E.D. Ky. Apr, 10, 2012). The Court further observed that Gooslin was simply re-hashing the

---

co-defendant; (7) failing to inform the jury that the United States seized his guns and sold them, and then tried to add four or five years to his sentence; and (8) failing to take various actions to properly represent him at trial, such as making the proper objections.

same Sixth Amendment ineffective assistance of counsel claims in his § 2241 petition that had previously been considered and rejected in his § 2255 motion. *Id.* Gooslin appealed the denial of his § 2241 petition by this Court, but the Sixth Circuit affirmed, noting that Gooslin raised "...various alleged trial errors that he either raised in his prior § 2255 motion or could have raised previously." *Gooslin v. Sepanek*, No. 12-5598 (6th Cir. Jan. 10, 2013).

In his second § 2241 petition, Gooslin again alleged that his trial counsel rendered ineffective assistance by ignoring his repeated requests to seek a plea bargain from the prosecutor, failing to submit his medical records showing that he had a mental disability, failing either to request or reveal the government's pre-trial discovery, and failing to submit a proper jury instruction. The Court denied Gooslin's second petition on initial screening, concluding that Gooslin was simply recycling one Sixth Amendment claim which he had asserted without success in both his § 2255 motion and in his prior § 2241 petition, and that his remaining Sixth Amendment claim was one about which he "...either knew or should have known about the facts underlying these when he filed his § 2255 motion, and he should have asserted those claims at that time along with the other Sixth Amendment claims he raised, but he did not do so." *Gooslin v. Sepanek*, No. 0:12–CV–90–HRW (E.D. Ky. 2012), 2012 WL 5869290, at **3-5 (E.D. Ky. Nov. 20, 2012).

In his current § 2241 petition, Gooslin alleges that he was "...charged and convicted without a Motion of Discovery being processed." [D. E. No. 1, p. 1] Gooslin further states that he "...made many attempts to get the Motion of Discovery before trial and after," and that "*the judicial system* failed by not seeking Gooslin's Motion of Discovery." *Id.* at p. 2 (emphasis added).

While Gooslin's choice of words is confusing, he is alleging either (1) that prior to trial, his attorney failed to request discovery from the federal prosecutor, which would be a Sixth Amendment ineffective assistance of counsel claim, or (2) that he (Gooslin), without an attorney, requested discovery and the judge denied his request, which would be a Fifth Amendment claim of denial of due process of law.

## DISCUSSION

The abuse of the writ doctrine bars consideration of the merits of Gooslin's claim. Regardless of whether Gooslin's current claim falls under the Fifth or Sixth Amendment, it is the same substantive claim that he recently raised in his second § 2241 petition, which the Court denied on November 20, 2012. A district court may refuse to entertain a repeat application for the writ by a federal prisoner "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a).

5

While principles of claim and issue preclusion do not apply in the habeas context in the same manner as they do to a civil claim, *McClesky v. Zant*, 499 U.S. 467, 480–81 (1991) ("*res judicata* does not apply 'to a decision on habeas corpus refusing to discharge the prisoner.'"), but see *Smith v. Reno*, 3 F. App'x 403 (6th Cir. 2001) (applying doctrine of claim preclusion to bar reassertion of claims previously considered and rejected in prior habeas corpus petition filed pursuant to Section 2241), the abuse of the writ doctrine serves a similar role in counseling against considering the merits of the same claim presented in successive habeas corpus petitions. *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 766 (6th Cir. 2008); *Rosales–Garcia v. Holland*, 322 F.3d 386, 398–99 n. 11 (6th Cir. 2003).

"[W]here a prisoner files a petition or engages in other conduct that 'disentitle[s] him to the relief he seeks,' the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ." *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1985) (internal citations omitted); *see also Zayas v. INS*, 311 F.3d 248, 255 (3d Cir. 2002) (Section 2241 habeas petitions are subject to abuse of the writ doctrine). Gooslin's attempt to again challenge his federal drug conviction in this proceeding on the same Sixth Amendment grounds raised and rejected just months ago in his second § 2241 petition constitutes an abuse of the writ. *See Allen v. Wilson*, No. 11–001–GFVT, 2011 WL 165389, at *2 (E.D. Ky. Jan. 19, 2011)

(applying the abuse of the writ doctrine to bar consideration of the merits of a claim which had been presented in successive habeas corpus petitions). Even if the claim Gooslin now seeks to pursue is not identical to those he has asserted before, the abuse of the writ doctrine can be applied to prevent a petitioner from asserting similar claims in piecemeal fashion in an attempt to find a sympathetic forum. *Rosales–Garcia*, 322 F.3d at 398 n.12 (holding that a petition is abusive "where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition"); *Skinner v. Hastings*, No. 7:05-370-DCR, 2006 WL 2457934, at *4 (E.D. Ky. Aug. 22, 2006) ("Allowing [a petitioner] to raise any claim in the instant proceeding that he actually raised in [a prior] case would constitute an impermissible successive petition; allowing him to raise a claim that could have been raised in that case would constitute an 'abuse of the writ' which this Court will not permit.")

Under these facts, Gooslin is not entitled to relief because the Court will not address the merits of his claims. The Court will deny the § 2241 petition as an abuse of the writ, deny Gooslin's motion to amend his petition, and dismiss this proceeding with prejudice.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. James Gooslin's petition for a writ of habeas corpus [D. E. No. 1] is

7

**DENIED**.

2.   Gooslin's motion to amend his § 2241 petition [D. E. No. 5] is **DENIED** as **MOOT**.

3.   The Court will enter an appropriate judgment.

4.   This matter is **STRICKEN** from the active docket.

This March 12, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

8